UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOSHUA JAMES HILL,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY THIRD DISTRICT COURT, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:25-cv-00919<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney and without paying the filing fee, Joshua Hill filed this civil rights action against Utah's Third District Court and his deceased grandparents' estate.[1]  After identifying deficiencies in his complaint, the court invited Mr. Hill to file an amended complaint[2]—but he did not do so.  As detailed below, Mr. Hill's complaint fails to state a plausible claim for relief against his grandparents' estate under federal law, and the Eleventh Amendment bars his claims against Utah's Third District Court.

---

[1] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)  Mr. Hill names "Salt Lake County Third District Court" as a defendant, presumably referring to Utah's Third District Court in Salt Lake County.  (Compl. 1–2, Doc. No. 1.)  He also names "Estate/Trusts of: Robert Quintin Hill, Mary Coe Hill (DEC)" as a defendant, and refers to himself as the Hills' grandchild.  (*Id.* at 1–2, 4.)  For clarity, this report and recommendation refers to the defendants as Utah's Third District Court and Mr. Hill's grandparents' estate.

[2] The court identified deficiencies in the complaint after screening it under 28 U.S.C. § 1915(e)(2)(B).  (*See* Mem. Decision and Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee, Doc. No. 8.)

Because further opportunities to amend would be futile, the undersigned[3] recommends the district judge dismiss this action without prejudice.

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[4]  In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5]  To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6]  The court accepts well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7]  But a court need not accept a plaintiff's conclusory allegations as true.[8]  "[A] plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[3] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 6.)

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

suffice."[10]  This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[11]

Because Mr. Hill proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13]  For instance, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[14]  While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[11] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

**ANALYSIS**

Using a form civil rights complaint, Mr. Hill brought this action under 42 U.S.C. § 1983, claiming his Sixth Amendment and due process rights have been violated.[17]  He alleges Utah's Third District Court "will not provide documents related to [his grandparents], their estate/trust documents, wills, [or] bank acc[ounts]."[18]  According to his complaint, Mr. Hill has never received any "assets, monies, [or] health insurance plan benefits" from his grandparents' estate or trusts,[19] even though he "is the lone survivor of all 'Hill' estate and[/]or trust proceedings."[20]  He demands the state court provide him with death certificates and "access to Hill proceedings, like bank accounts with [his] name attached."[21]  The complaint includes no further allegations.

Mr. Hill fails to state a § 1983 claim against his grandparents' estate, and Utah's Third District Court is immune to such claims.  First, while § 1983 provides a recovery mechanism for violations of federal rights in certain circumstances,[22] it does not apply here.  "To establish a cause of action under [§] 1983, a plaintiff must allege

---

[17] (Compl. 3, Doc. No. 1.)

[18] (*Id.* at 4.)

[19] Mr. Hill uses the terms estate and trust interchangeably, and he notes there are "at least" four trusts from 1977, 1983, 1985, and 1991.  (*Id.*)  But he provides no further details.

[20] (*Id.*)

[21] (*Id.* at 5.)

[22] *See* 42 U.S.C. § 1983; *see also Margheim v. Buljko*, 855 F.3d 1077, 1084 (10th Cir. 2017) (noting § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred" (citation omitted)).

(1) deprivation of a federal right by (2) a person acting under color of state law."[23] Although private entities may sometimes be held accountable as state actors, such as when "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights,"[24] there are no such allegations here.  Mr. Hill only alleges the mere existence of his grandparents' estate and four trusts.  He does not allege any misconduct by the estate (or its representative or trustees), let alone that it acted in concert with state officials to violate his constitutional rights.[25]  Accordingly, Mr. Hill's grandparents' estate, as a private party, is not subject to suit under § 1983[26]—and the complaint fails to state a § 1983 claim against the estate.

Second, the Eleventh Amendment bars Mr. Hill's § 1983 claim against Utah's Third District Court.  Regardless of the relief sought, the Eleventh Amendment prohibits suits against a state and agencies acting "as arms of the state"[27]—unless the state

---

[23] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[24] *Gross v. Samudio*, 630 F. App'x 772, 779 (10th Cir. 2015) (unpublished) (quoting *Wittner v. Banner Health*, 720 F.3d 770, 777 (10th Cir. 2013)).

[25] *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[A] complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").

[26] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)).

[27] *See Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1559 (10th Cir. 1992); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983.").

waives its sovereign immunity or Congress abrogates it through legislation.[28]  But Utah

has not waived its immunity to being sued under § 1983, nor has Congress abrogated

it.[29]  And because Utah's Third District Court is an arm of the state, it has Eleventh

Amendment immunity.[30]  Accordingly, Mr. Hill's § 1983 claim against Utah's Third

District Court is barred by the Eleventh Amendment.

For these reasons, this action must be dismissed.[31]  "Dismissal of a pro se

complaint for failure to state a claim is proper only where it is obvious that the plaintiff

cannot prevail on the facts he has alleged and it would be futile to give him an

opportunity to amend."[32]  The court previously identified the deficiencies described

---

[28] *See Will*, 491 U.S. at 66; *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *see also Papasan v. Allain*, 478 U.S. 265, 276 (1986) ("This [Eleventh Amendment] bar exists whether the relief sought is legal or equitable."); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A]n unconsenting State is immune from suits brought in federal courts by [its] own citizens as well as by citizens of another State.").

[29] *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) (explaining in § 1983 action that "Utah has not waived its Eleventh Amendment immunity by statute").

[30] *See Bloomquist v. Utah*, No. 2:16-cv-34, 2016 U.S. Dist. LEXIS 141601, at *6 (D. Utah Sept. 16, 2016) (unpublished) (explaining Utah's Third District Court is an "arm[] of the state and thus immune from suit under the Eleventh Amendment"), *R. & R. adopted*, 2016 U.S. Dist. LEXIS 140819 (D. Utah Oct. 11, 2016); *see also* 13 *Wright & Miller's Federal Practice & Procedure* § 3524.2 (3d ed. 2025) ("As a general matter, state courts are considered arms of the state.").

[31] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[32] *Kay*, 500 F.3d at 1217 (citation omitted).

above and permitted Mr. Hill to amend his complaint,[33] but he did not do so.  Therefore, further opportunities to amend would be futile, and dismissal is necessary.

### RECOMMENDATION

Because Mr. Hill's complaint fails to state a plausible claim for relief against his grandparents' estate under federal law, the Eleventh Amendment bars his claims against Utah's Third District Court, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action without prejudice. Mr. Hill has the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[34]

DATED this 1st day of June, 2026.

BY THE COURT:

*Daphne A. Oberg*

Daphne A. Oberg
United States Magistrate Judge

---

[33] (*See* Mem. Decision and Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee, Doc. No. 8.)

[34] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

7